IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-cr-00352 |
| Plaintiff, | |
| -vs- | |
| | JUDGE DAVID A. RUIZ |
| RAYTWON R. LOFTIN, | |
| | **MEMORANDUM OPINION & ORDER** |
| Defendant. | |

This matter is before the Court upon Defendant Raytwon R. Loftin's *pro se* "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821." (R. 28). The Federal Public Defender filed a Notice of Intent not to file a supplement to Defendant's *pro se* 821 motion. (R. 30). The United States filed a response opposing the motion. (R. 31). For the reasons set forth below, the Court DENIES Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2)[1] (R. 28).

**I. Procedural Background**

Defendant was charged in an Amended Indictment as follows: Count One - Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and

---

[1] It is § 3582(c)(2) that permits retroactive application of newly enacted guidelines. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Count Two - Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8), for possessing a semiautomatic pistol and ammunition after being convicted of a misdemeanor crime of domestic violence. (R. 15).

On November 1, 2023, Loftin pled guilty to Count One, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), pursuant to a written plea agreement. (R. 16). Count Two was dismissed.

On April 16, 2024, *after* Amendment 821 became effective, this Court sentenced Loftin to a total term of imprisonment of 44 months followed by three years of supervised release. (R. 24).

This matter is now before the Court upon Defendant's *pro se* motion for a reduction in sentence under Amendment 821.

## II. Analysis

In 2023, the United States Sentencing Commission amended U.S.S.G. § 4A1.1(d) (2015). Rather than receiving two criminal-history points for committing a current offense while still serving a prior sentence, a defendant under the amended guidelines now receives only one additional criminal-history point if they commit their current offense while subject to a prior sentence. *United States v. Thomas*, No. 24-3421, 2024 U.S. App. LEXIS 31338, at *3, 2024 WL 5055405 (6th Cir. Dec. 10, 2024) (*citing* U.S. Sentencing Comm'n, Guidelines Manual App. C., Amdt. 821 (Part A) (Nov. 2023)). Moreover, a defendant "will receive this additional point only if they already have at least seven criminal-history points based on their prior offenses." *Thomas*, 2024 U.S. App. LEXIS 31338, at *3 (*citing* U.S.S.G. § 4A1.1(e) (2023)).

> Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then

2

>United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(d) if a defendant committed a federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

*United States v. Burton*, No. 4:21-CR-39-1, 2024 WL 4981093, 2024 U.S. Dist. LEXIS 219265 at *2 (W.D. KY, Dec. 2, 2024).

Deciding whether to grant a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) is a two-step process. First, a court must determine whether a defendant is eligible for relief under the amendment, followed second by a consideration of whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Burton*, 2024 U.S. Dist. LEXIS 219265 at *2 (*citing Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)).

Only after a court determines that a reduction is authorized under § 1B1.10 of the Guidelines does it consider whether the authorized reduction is warranted according to the factors set forth in § 3553(a). Even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Dillon*, 560 U.S. at 826. "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). "While a district court need not explicitly reference § 3553 or recite a list of factors, it must provide a reasoned explanation for its choice of sentence and its explanation must be sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

Loftin is ineligible for a reduction in status points, because he was sentenced *after* the effective date of Amendment 821. Therefore, the terms of the Amendment were already applied at his sentencing. According to the Presentence Investigation Report, Loftin's criminal convictions resulted in a subtotal criminal history score of eight (8). (R. 20, PageID# 101). Because Loftin committed the instant offense while under a criminal justice sentence in the U.S. District Court, Northern District of Ohio, for Docket No. 5:20CR00768, one additional point was added. *Id*. Loftin's total criminal history score, therefore, was nine. *Id*. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of nine establishes a criminal history category of IV. *Id*.

Loftin clearly only received one additional status point to his criminal history computation, not two points as he suggests in the underlying motion. R. 28, PageID# 141. Further, when considering the advisory Guideline Provisions, they resulted in an advisory guideline imprisonment range of 37 months to 46 months, based on Defendant's total offense level of 17, coupled with a criminal history category of IV. (R. 20, PageID# 105). As noted above, Loftin was sentenced on April 16, 2024—*after* Amendment 821 became effective, and this Court sentenced Loftin to a total term of imprisonment of 44 months followed by three years of supervised release, well within the guidelines using the newly enacted amendments. (R. 24).

The United States is correct that Defendant is ineligible for a reduction under Part A of Amendment 821, because he was sentenced after Amendment 821 became effective and only received one "status point"—per the amended provision—instead of 2 point as had been the case prior to the Amendment. Thus, Loftin is not "a defendant who has been sentenced to a term of

4

imprisonment based on a sentencing range that has subsequently been lowered" as contemplated by 18 U.S.C. § 3582(c).

Because Loftin is ineligible for relief under the amendment, the Court need not reach the second step of the analysis.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (R. 28) is DENIED.

IT IS SO ORDERED.

*s/ David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: December 12, 2025