IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-cr-00352 |
| Plaintiff, | |
| -vs- | |
| | JUDGE DAVID A. RUIZ |
| RAYTWON R. LOFTIN, | |
| | **MEMORANDUM OPINION & ORDER** |
| Defendant. | |

This matter is before the Court upon Defendant Raytwon R. Loftin's "Request for review of Conviction for 922(g)(1)." (R. 32). Generally, Defendant asserts that his conviction is unconstitutional as violating the Second Amendment. *Id*. The Court construes Defendant's filing as a Motion made pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the following reasons, Defendant's § 2255 motion is DENIED.

**I. Procedural Background**

Defendant was charged in an Amended Indictment as follows: Count One - Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Count Two - Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8), for possessing a semiautomatic pistol and ammunition after being convicted of a misdemeanor crime of domestic violence. (R. 15).

On November 1, 2023, Loftin pled guilty to Count One, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), pursuant to a written plea agreement. (R.

16). Count Two was dismissed. On April 16, 2024, he was sentenced to a total term of imprisonment of 44 months followed by three years of supervised release. (R. 24).

This matter is now before the Court upon Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

## II. Timeliness

A motion to vacate a sentence is subject to a one-year statute of limitations, which begins to run from the latest of four possible circumstances. 28 U.S.C. § 2255(f)(1)-(4). Here, the statute of limitations began running on "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). Loftin did not appeal his judgment of conviction, so it became final when his time to appeal expired. *Sloan v. United States*, No. 22-3808, 2023 WL 6296602, at *1 (6th Cir. Mar. 31, 2023) (*citing Sanchez -Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a criminal defendant has fourteen days after his judgment was entered to appeal. Here, judgment was entered on April 22, 2024 (R. 24), so Loftin had until May 6, 2024, to timely appeal. Accordingly, for his § 2255 motion to be timely, Loftin had until May 6, 2025, to be timely, but he did not file his motion to vacate until May 19, 2025. Further, the time-stamp on the envelope indicates the § 2255 motion was mailed on May 14, 2025. Thus, Loftin's § 2255 motion is time-barred.[1]

---

[1] Loftin's filing does not bear a date, nor does it set forth when he provided it to the prison for mailing. Assuming *arguendo* that the prison mailbox rule applies and that Loftin placed his motion in the prison mailbox on or before May 6, 2025, his motion is still subject to denial as explained below.

### III. Standard of Review

28 U.S.C. § 2255(a) provides a prisoner in federal custody the ability to "move the court which imposed the sentence" to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…." Furthermore, "[t]o warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (*quoting Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *accord Whittingham v. United States*, No. 24-1621, 2025 WL 243963, at *2 (6th Cir. Jan. 2, 2025).

### IV. Analysis

Defendant's filing is rather brief, and does not fully develop any legal arguments. (R. 32). Nevertheless, he makes some mention of being one of the people protected by the Second Amendment, and asserts that he poses no threat to the community. *Id*.

The Court construes his motion as a challenge to the constitutionality of 18 U.S.C. § 922(g)(1) in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022), a challenge this Court has seen multiple times since the decision was issued.

First and foremost, Defendant knowingly and voluntarily waived his right to collaterally attack his conviction or sentence pursuant to paragraph 20 of his plea agreement.

### WAIVER OF APPEAL AND POST-CONVICTION ATTACK

> 20. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, **and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255**. **Defendant expressly and voluntarily waives those rights**, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(R. 16, PageID# 57) (emphasis added).

Defendant's waiver of his right to collaterally challenge his conviction pursuant to § 2255 is explicit, and none of the stated exceptions are applicable. "It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (citations omitted); *accord United States v. Cannon*, 2024 WL 3253270 (N.D. Ohio July 1, 2024) ("[P]lea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable" as long as "the appeal waiver agreement is made knowingly and voluntarily.") (Lioi, J) (citations omitted).

During Defendant's change of plea hearing, this Court conducted a plea colloquy, and the Court determined that the guilty plea was knowing, voluntary, and was made without threat or coercion. Furthermore, the Court was satisfied that Defendant understood the terms of the plea

agreement, including the waiver of his appellate rights. Accordingly, the Court finds Loftin has waived his right to collaterally challenge his conviction.

Second, even if the Court were to reach the merits of Defendant's § 2255 motion, the Sixth Circuit Court of Appeals has expressly rejected a facial challenge to the constitutionality of § 922(g)(1). *See United States v. Morton*, 123 F.4th 492, 497 (6th Cir. 2024) (*citing United States v. Williams*, 113 F.4th 637, 662-663 (6th Cir. 2024) (the statute "is constitutional on its face and as applied to dangerous people."); *accord United States v. Watson*, 2025 WL 833246, at *1 (6th Cir. Mar. 17, 2025)("We recently held in … that § 922(g)(1) 'is constitutional on its face.'"). Therefore, to the extent Defendant has raised an argument that § 922(g)(1) is facially unconstitutional, it is foreclosed by binding Sixth Circuit precedent and is denied.

The Court also construes Defendant as arguing that § 922(g)(1) is unconstitutional as applied to him, because he asserts his "current offense is not one of violence," he claims he has "no history of violence," and he asserts he is not a threat to his community. (R. 32). In *Williams*, the Sixth Circuit Court of Appeals found that "many applications of § 922(g)(1) would be constitutional" but "at a minimum, the court recognized that a felon must be given the chance to challenge their § 922(g)(1) indictment as applied to them once charged." *Morton*, 123 F.4th at 499 (*citing Williams*, 113 F.4th at 657-58, 661). Here, there's no indication that Defendant was deprived of an opportunity to seek dismissal of the indictment.

"For an as-applied challenge to the felon-in-possession statute, 'the burden rests on [the defendant] to show he's not dangerous.'" *United States v. Green*, No. 1:24-CR-69, 2025 WL 699455, at *3 (W.D. Mich. Mar. 5, 2025) (*quoting Williams*, 113 F.4th at 657).

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. **An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.**

*Williams*, 113 F.4th at 663 (emphasis added). In assessing a defendant's "dangerousness," a court's consideration is not confined to the specific felony underlying his § 922(g)(1) conviction, but may consider a defendant's entire criminal record—past convictions, as well as other judicially noticeable information. *Williams*, 113 F.4th at 659-660.

Here, the presentence investigation report reveals that Defendant had multiple convictions for domestic violence. (R. 20). Needless to say, domestic violence constitutes a crime against the body of another human being. Laying any doubt to rest, in *United States v. Combs*, the Court of Appeals noted that the United States Supreme Court has "already considered and rejected" arguments that laws restricting firearms possession for domestic violence offends the Second Amendment. No. 23-5121, 2024 WL 4512533, at *3 (6th Cir. Oct. 17, 2024) (*citing United States v. Rahimi*, 602 U.S. 680, 692, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024)).

This Court concludes that Loftin has failed to carry the burden of showing that he is not dangerous, and the Court rejects his as applied challenge to the constitutionality of § 922(g)(1).

## V. Conclusion

For the foregoing reasons, Defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence (R. 32) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

Date: December 12, 2025

*s/ David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE